76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gordon R. LARSON; Katherine N. Larson, Plaintiffs-Appellants,
v.
CALIFORNIA FEDERAL BANK, Defendant-Appellee.
 No. 94-55406.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1995.
Decided Feb. 5, 1996.
 
 Before: FLETCHER, CANBY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal requires us to decide when the appellants' consumer loan transaction was consummated for purposes of their action to rescind the loan under the federal Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq. The appellants, Gordon and Katherine Larson, who defaulted on a consumer loan from California Federal Bank, challenge the district court's refusal to enjoin the bank from foreclosing on its security interest in their home. The Larsons contend they are entitled to rescind the loan because the bank failed to properly notify them of their right to rescind under the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq., at the time of consummation of the loan. To determine whether California Federal complied with TILA in notifying the Larsons of their right to rescind, we must determine when the loan agreement between the Larsons and California Federal was consummated.
 
 
 3
 Although the district court denied the Larsons' motion for preliminary injunction, it granted a stay pending the Larsons' appeal. We have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1). For the reasons set forth below, we affirm the district court's denial of the Larsons' motion for preliminary injunction.
 
 DISCUSSION
 
 4
 On October 26, 1990, the Larsons signed three documents: California Federal's loan commitment letter offering them a $460,000 loan, a promissory note for the $460,000 loan, and a deed of trust on their home securing that loan. The letter noted that the loan was contingent upon additional requirements, including installation of a permanent heating system. That same day, California Federal notified the Larsons of their right to rescind the loan, indicating that this right expired October 30, 1990.
 
 
 5
 On October 31, 1990, the day after their right to rescind expired, the Larsons signed two additional documents: a property improvement agreement authorizing the bank to withhold $5,000 of the loan for installation of the heating system and an addendum notifying the Larsons of the withholding.
 
 
 6
 In their rescission action, the Larsons claim California Federal violated TILA by failing to notify them of their right to rescind for a three-day period following October 31, 1990. They contend the bank's notice was defective because it expired before consummation of the loan, which they allege occurred when they signed the property agreement and addendum on October 31, 1990. Whether the bank violated TILA depends on when the loan was consummated.
 
 
 7
 The Truth in Lending Act, 15 U.S.C. §§ 1601 et seq., was designed to protect consumer borrowers from the "uninformed use of credit," 15 U.S.C. § 1601(a), and grants such borrowers a right to rescind certain loans. 15 U.S.C. § 1635(a). In a "consumer credit transaction" in which a lender retains a security interest in a borrower's residence, TILA provides that
 
 
 8
 "the [consumer] shall have the right to rescind the [loan] transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later ..."
 
 
 9
 15 U.S.C. § 1635(a) (emphasis added).
 
 
 10
 This right of rescission is clarified in Section 226.23(a)(3) of Regulation Z, promulgated by the Federal Reserve Board pursuant to TILA:
 
 
 11
 "The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice [of the right to rescind], or delivery of all material disclosures, whichever occurs last."
 
 
 12
 12 C.F.R. § 226.23(a)(3) (emphasis added).
 
 
 13
 However, if the lender fails to supply the notice of the right to rescind or the disclosures, Regulation Z allows the borrower three years from the consummation of the loan to rescind it. 12 C.F.R. § 226.23(a)(3).
 
 
 14
 We have construed TILA's disclosure requirements strictly, and have held that a lender's notice of the three-day right to rescind violates TILA if it contains an erroneous expiration date. Jackson v. Grant, 876 F.2d 764, 765 (9th Cir.1989). In Jackson, we held that the lender violated TILA because the loan was not consummated until after the right to rescind had expired.
 
 
 15
 To determine whether California Federal's notice was defective, we must decide when the loan was consummated for purposes of TILA. Regulation Z defines consummation as "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). Because state law governs when a consumer becomes contractually obligated, 12 C.F.R. Pt. 226, Supp. 1 (Official Staff Interpretations), Commentary 2(a)(13), we must look to California law to decide when the loan was consummated.
 
 
 16
 Under California law, four elements are essential to the formation of a contract: (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) sufficient consideration. Cal.Civ.Code § 1550. Two of those elements are indisputably present: the parties are capable of contracting and their agreement has a lawful object. The Larsons argue, however, that there was no mutual consent or consideration until they signed the property improvement agreement and addendum on October 31, 1990.
 
 
 17
 California courts apply an objective test to ascertain whether there is mutual assent. Meyer v. Benko, 127 Cal.Rptr. 846, 848 (Cal.Ct.App.1976). To enforce a contract, they require that "the terms of the contract ... be complete and certain in all particulars essential to its enforcement." Magna Development Co. v. Reed, 39 Cal.Rptr. 284, 288 (Cal.Ct.App.1964) (citations omitted).
 
 
 18
 The loan documents and events surrounding the transaction indicate that the mutual obligation between the bank and the Larsons arose October 26, 1990. In sending the Larsons the loan commitment letter, the bank offered them a $460,000 loan. In signing that letter, the Larsons expressly accepted the essential terms of that offer. Consideration supported that agreement: Under California contract law, written instruments constitute "presumptive evidence of a consideration." Cal.Civ.Code § 1614.
 
 
 19
 The Larsons next claim that there was a mutual mistake as to the bank's withholding of the $5,000, and argue this mistake prevented formation of a valid contract. We find no evidence of a mutual mistake.
 
 
 20
 The Larsons' final argument is that the property improvement agreement and addendum modified the loan agreement and thereby voided their legal obligation. This argument misconstrues California contract law. Modification does not void a contract, and requires new consideration only where a supplemental agreement adds to or changes the terms of a contract "so as to impose new and onerous burdens upon one of the parties." Krobitzsch v. Middleton, 165 P.2d 729, 731 (Cal.Ct.App.1946). In this case, the property improvement agreement and addendum merely implemented the parties' agreement, clearly expressed in the loan commitment letter, that the Larsons would install a heating system. It is clear that the addendum did not undo the original loan agreement, despite the addendum's statement that "loan approval" depended upon its execution. The loan was already approved, and remained in place. The additional documents imposed no substantial new burden on the Larsons.
 
 
 21
 We conclude that the loan agreement between the Larsons and California Federal Bank was consummated October 26, 1990. In notifying the Larsons that their right to rescind expired October 30, 1990, California Federal therefore complied with the notice requirements of the Truth in Lending Act, 15 U.S.C. § 1635(a), and Regulation Z, 12 C.F.R. § 226.23(b)(5).
 
 CONCLUSION
 
 22
 We affirm the district court's order denying appellants' motion for preliminary injunction. We direct the district court to lift the stay it granted pending this appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3